Filed 10/13/23  P. v. Ivans CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B326727 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. MA079121 |
| TYLER IVANS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Richard Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After reviewing this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.  Statutory citations are to the Penal Code.

A felony complaint charged Tyler Ivans with carrying a loaded handgun not registered to him in his vehicle in violation of

section 25850, subdivisions (a) and (c)(6).  Represented by counsel, Ivans waived his rights and entered a plea of no contest.  The court suspended imposition of sentence and placed Ivans on felony probation for three years, assessing various fees and imposing conditions.

About a year and a half later, Ivans admitted to violating his probation.  The court, on stipulation of the parties, terminated probation and imposed a new two-year term of probation.  The court re-imposed the previous conditions of probation and added a few more.

Five months later, the court revoked Ivans's probation based on a probation report detailing that Ivans had failed to meet many of the conditions of his probation.  The court remanded Ivans to custody and set a hearing on the probation violation.

Defense counsel filed a motion to dismiss Ivans's conviction as unconstitutional under *N.Y. State Rifle & Pistol Assn., Inc. v. Bruen* (2022) 597 U.S. —, 142 S.Ct. 2111.  Counsel argued because California's firearm licensing statute contained good moral character and good cause requirements it was unconstitutional and constituted an unlawful prior restraint on Ivans's Second Amendment rights.  The prosecutor opposed the motion, arguing the good cause requirement was severable and *Bruen* had not invalidated other public carry licensing requirements, including good moral character ones.

At the hearing on the probation violation, the trial court heard and denied the motion to dismiss.  Ivans waived his rights and admitted violating probation.  Defense counsel argued Ivans's no contest plea had only applied to a violation of subdivision (a) of section 25850, not subdivision (c)(6), and he

2

should therefore be sentenced based on a misdemeanor conviction. The trial court rejected this argument, finding the violations of subdivisions (a) and (c)(6) were both included in Count 1, to which Ivans had pleaded no contest. The trial court taking the plea had confirmed Ivans intended to plead no contest to Count 1 and had reiterated it would be a felony. The trial court then sentenced Ivans to the low term of 16 months (see §§ 25850, subd. (c)(6) & 1170, subd. (h)(1)) and awarded him a presentence credit of 141 days.

Ivans appealed from matters arising after the plea, and we appointed counsel to represent him. Appointed counsel examined the record and filed an opening brief raising no issues and asking this court to review the record independently under *Wende*. Counsel also advised Ivans of his right to file a supplemental brief for us to consider. Ivans did not file a response.

We have examined the entire appellate record. We are satisfied Ivans's counsel fully complied with counsel's responsibilities and no arguable issues exist. (See *Wende*, *supra*, 25 Cal.3d at pp. 441–442.)

## DISPOSITION

We affirm the trial court's judgment.

WILEY, J.

We concur:

STRATTON, P. J.          VIRAMONTES, J.

3